UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

GRETTEL CASTELLANOS

    Plaintiff,

v.

LORENZO L. ENTERPRISES, LLC.
d/b/a LORENZO BUICK GMC

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, GRETTEL CASTELLANOS (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, LORENZO L. ENTERPRISES, LLC. d/b/a LOZENRO BUICK GMC (hereafter referred to as "Defendant") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, et seq. ("ADA") and the Families First Coronavirus Response Act ("FFCRA") which is enforced through §§ 15(a)(3), 16 and 17, of the FLSA, 29 U.S.C. Sect. 216-217, (*see* C.F.R. § 826.150) to redress injuries resulting from Defendant's unlawful, disability-based discriminatory of and retaliation against Plaintiff.

## PARTIES

2. Plaintiff, GRETTEL CASTELLANOS, is an adult, female resident of Miami-Dade County, Florida.

3. Defendant, LORENZO L. ENTERPRISES, LLC. d/b/a LOZENRO BUICK GMC. is a Florida Limited Liability Company authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

5. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq*.

6. At all times material hereto, Defendant is subject to the FFCRA enforced through the FLSA.

## JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

8. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

9. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

10. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

11. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

12. On or about January 25, 2019, Plaintiff became employed by Defendant.

13. Congress has enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic.

14. Defendant is subject to the FFCRA.

15. The FFCRA mandates covered employers to provide up to two (2) weeks of paid leave and job protection for employees who, among other things are (1) subject to a governmental quarantine or isolation order related to COVID-19 or (3) are experiencing COVID-19 symptoms and are seeking a medical diagnosis.

16. On or about April 2, 2020, Plaintiff began experiencing COVID-19 like symptoms.

17. On or about April 2, 2020, Plaintiff felt sick with a sore throat and a fever.

18. Plaintiff informed her supervisor, Maria Elena, who immediately told Plaintiff to get tested for COVID-19.

19. Defendant perceived Plaintiff to have a disability under the ADA, COVID-19.

20. Plaintiff's symptoms and wait for COVID-19 results resulted in self-isolation required by governmental order.

21. Plaintiff remained self-isolated in quarantine until April 10, 2020.

22. When Plaintiff returned to work on April 10, 2020, Plaintiff was immediately terminated by Defendant.

23. Plaintiff was terminated by Defendant as a result of her perceived disability, COVID-19.

24. Additionally, Plaintiff was terminated for exercising her rights under the FFCRA.

25. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

26. On or about February 22, 2021, the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" to Plaintiff.

27. As a result of Defendant's discriminatory treatment of Plaintiff based on her perceived disability and retaliatory treatment, Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as is set out in full herein.

29. Plaintiff is a member of a protected class under the ADA.

30. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's perceived disability and subjected Plaintiff to disability-based animosity.

31. Such discrimination was based upon the Plaintiff's perceived disability in that the Plaintiff would not have been the object of discrimination but for the fact of her medical condition.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's perceived disability was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

39. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability or perceived disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

40. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

41. Defendant is a covered employer to which the ADA applies.

42. Defendant discharged Plaintiff from employment because of Plaintiff's perceived disability.

43. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable her to be employed by Defendant, as required under the ADA.

44. Defendant's discharge of Plaintiff on the basis of her perceived disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the ADA.

45. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

    e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF THE FFCRA

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as is set out in full herein.

47. The FFCRA mandates covered employers to provide up to two (2) weeks of paid leave and job protection for employees who, among other things are (1) subject to a governmental quarantine or isolation order related to COVID-19 or (3) are experiencing COVID-19 symptoms and are seeking a medical diagnosis.

48. The FFCRA prohibits employers from discharging, disciplining, or otherwise discriminating against any employee who takes paid sick leave under the FFCRA.

49. The provisions of the FFCRA apply to leave taken between April 1, 2020 and December 31, 2020.

50. Plaintiff was entitled to up to two weeks of paid sick leave pursuant to the FFCRA because she was experiencing COVID-19 related symptoms awaiting a medical diagnosis.

51. Yet, Defendant blatantly disregarded its obligations under the FFCRA and terminated her.

52. Defendant's violation of the FFCRA was willful.

53. As a direct and proximate result of Defendant's violation of the FFCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the FFCRA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## RETALITION UNDER THE FFCRA

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as is set out in full herein.

55. The FFCRA prohibits employers from discharging or otherwise discriminating against any employee because the employee qualified and/or took qualifying paid sick leave.

56. Despite the FFCRA's requirements, Defendant unlawfully terminated Plaintiff after she took leave as a result of symptoms and possible COVID-19 diagnosis.

57. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the FFCRA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223